92 N.J. Super. 389 (1966)
223 A.2d 633
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
BERNARD GRIFFIN, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 24, 1966.
Decided October 31, 1966.
*390 Before Judges CONFORD, FOLEY and LEONARD.
Mr. Charles A. Cohen argued the cause for appellant (Messrs. Worth & Worth, attorneys).
Mr. Martin J. Queenan, Burlington County Prosecutor, argued the cause for respondent.
PER CURIAM.
Defendant appealed to the Burlington County Court from a judgment of conviction in the Riverside Municipal Court. The County Court, after a trial de novo, found him guilty and he now appeals to this court.
Defendant was charged with violation of N.J.S. 2A:170-29(1):
"Any person who utters loud and offensive or profane or indecent language in any public street or other public place, public conveyance, or place to which the public is invited * * * is a disorderly person."
*391 The facts are not in dispute. Defendant had been involved in an automobile accident, following which his car had been towed to a garage in Riverside. A Riverside police officer, who was detailed to investigate the accident, was en route to the garage in a police car, accompanied by defendant and a friend of his, at about 2:30 A.M. As the officer was about to drive into the garage premises defendant made a remark to the officer which was "offensive or profane or indecent." There was no evidence that the remark was heard by anybody other than the occupants of the moving police car.
We conclude that the judgment must be reversed. The case is completely lacking in proof that the offensive remark was uttered loudly. When, at the oral argument, the prosecutor was pressed on this point, his only reply was that the loudness of the remark could be inferred from the fact that the officer had testified that defendant's "eyes were bloodshot, his voice was stuttering at times, and there was a strong odor of alcohol on his breath." We find this to be a non sequitur.
Furthermore, in the circumstances here presented the State's proofs fall short of establishing that the offensive language was uttered "in any public street or public place, public conveyance, or place to which the public is invited." In this connection the State argues:
"* * * the wording of the statute would include a police vehicle owned by the public which is in a public street and being operated by a police officer transporting a prisoner to the police station as a result of his being taken into custody for some other offense."
We cannot agree. In the first place, a police patrol car while in use, as here, in pursuance of official police duties is not a "public conveyance" within the meaning of the statute. Plainly, it was the intent of the Legislature in using the words "public conveyance" to embrace incidents taking place on vehicles in which the general public is ordinarily invited to ride  for example, the transportational bus.
Moreover, we are satisfied that upon the facts of this case the occurrence did not take place in a "public street." *392 While it is true that the moving police car was on a public street, defendant was not, as we interpret the purview of the statute and apply it to the facts of this particular case.
Reversed.